UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

v.

BLAKE B. RICHARDS,

                Defendant.

Civil Action File No.

1:13-CV-1729-JEC

ORDER OF PERMANENT INJUNCTION
AS TO DEFENDANT BLAKE B. RICHARDS AND OTHER RELIEF

The Securities and Exchange Commission having filed a Complaint and Defendant Blake B. Richards ("Richards") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Order of Permanent Injunction without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Order of Permanent Injunction:

I.

**IT IS HEREBY ORDERED** that Defendant Richards and his agents, servants, employees, attorneys and those persons in active concert or participation

1

with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise, be, and they hereby are, permanently restrained from, directly or indirectly, in connection with the purchase or sale or in the offer or sale of securities, by use of any means or instrumentalities of interstate commerce or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange, be, and they hereby are, restrained from, directly or indirectly:

(1) employing any device, scheme or artifice to defraud;

(2) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person;

(3) obtaining money or property by means of any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(4) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5], thereunder, by directly or indirectly, (1) creating a false appearance or otherwise deceiving any

person or (ii) disseminating false or misleading documents, materials, or information or making either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A)    the use of investor funds;

    (B)    the risk of the investment; and

    (C)    the existence and/or nature of any profit-generating enterprise.

## II.

**IT IS FURTHER ORDERED** that defendant Richards and his agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise hereby are permanently enjoined and restrained from, directly or indirectly:

    (1)    employing devices, schemes, or artifices to defraud clients or prospective clients; or

    (2)    engaging in transactions, practices, or courses of business which operated as a fraud or deceit upon clients or prospective clients;

in violation of Sections 206(1) and (2) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-6(1) and (2)], by making false statements to investors or others about investments or investment proceeds, by taking clients' investment proceeds into

Defendant Richards' custody, or otherwise converting the investment proceeds of clients to Richards' personal benefit.

### III.

**IT IS FURTHER ORDERED** that, pending a later Motion To Set Disgorgement and Civil Penalties, the assets of Defendant Richards shall continue to remain frozen, pursuant to the terms of earlier orders of this Court. Defendant Richards may have access to $1,200 per month, which shall be exempt from the freeze for the purpose of meeting ordinary and necessary living expenses. In addition, Defendant Richards may have access to not more than a one-time total of $7,500, which shall be exempt from the freeze for the purpose of paying attorney's fees to Nathaniel Cochran, Esq.

### IV.

**IT IS FURTHER ORDERED** that Defendant and his officers, agents, employees, servants, attorneys, any bank or financial institution holding any assets of the Defendant and all persons in active concert or participation with them, and each of them, are restrained and enjoined from destroying, transferring or otherwise rendering illegible all books, records, papers, ledgers, accounts, statements and other documents employed in any of such Defendant's businesses, which reflect the business activities of Defendant Richards, or which reflect the transactions described in the Commission's Complaint.

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Richards shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Sections 209(d) and 209(e) of the Advisers Act [15 U.S.C. §§ 80b-9]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission at a later date. Prejudgment interest shall be calculated from May 1, 2013, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant Richards will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant Richards may not challenge the validity of the Consent or this Order of Permanent Injunction; but may challenge the appropriateness of the amount of disgorgement to be ordered and/or the amount of the civil penalty to be ordered; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition testimony or

sworn investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Defendant Richards is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Richards shall comply with all of the undertakings and agreements set forth therein.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order of Permanent Injunction.

Dated: __August 20__, 2013

/s/ Julie E. Carnes
_____
Julie E. Carnes, Judge
United States District Court